*123 The opinion of the Court was delivered at the adjourned term, in November.

Per Curiam.

The first reason for setting aside the verdict is, that there was a special agreement which ought to have been declared on. This objection cannot avail the defendant, because the written contract produced contained nothing more than what the law would imply. The right of action rests upon the payment of money for the use of the defendant. The law raises a promise, and the plaintiff may make use of his written contract or not, as he pleases. If there is any thing in the written promise to contradict the implication of law, the defendant may show it.[1]
Another objection to the verdict arises out of the rejection of the deposition of Thomas Bryant, and we are of opinion, that his testimony is admissible. He is no party to the suit, because the writ was not served upon him.[2] His being a party to the contract is of no consequence, if he is not interested in the event of the suit. If the plaintiff recovered against his partner, it would be a bar to an action against him, because, there being a joint contract, bis partner could not be sued again, neither could he be sued alone.[3] He was interested only because he was liable to a contribution to his partner ; but, being released by his partner, he was rendered a competent witness.
In regard to the other point, interest is to be allowed upon money, paid at t{ie request and to the use of another, from the time of the payment. The questions respecting interest have arisen in cases of money had and received.

New trial granted.

 See Linningdale v. Livingston, 10 Johns. R. 36; M'Williams v. Willis, 1 Wash. (Virginia) R. 202; Goodrich v. Lafflin, ante, 57; Thurston v. Percival, post, 415.

 See Purviance v. Dryden, 3 Serg. & R. 402; Le Roy v. Johnson, 2 Peters’s S. C. R. 186. In an action against two partners, one of them, who was returned non inventus by the sheriff, may be sworn to prove the amount of the demand, on the part of the plaintiff; but he cannot be compelled to give evidence. Norman v. Norman, 2 Yeates, 154. See Henderson v Lewis, 9 Serg. & R. 379.

 Ward v Johnson, 14 Mass. R. 148; Robertson v. Smith, 18 Johns. R. 459.